**United States Bankruptcy Court**
**District of South Dakota**



Charles L. Nail, Jr.
Bankruptcy Judge

---

Federal Building and United States Post Office
225 South Pierre Street, Room 211
Pierre, South Dakota 57501-2463

Telephone: (605) 945-4490
Fax: (605) 945-4491

June 25, 2007

A. Thomas Pokela
PO Box 1102
Sioux Falls, SD 57101

Safe Way Auto Transport, LLC
Attention: Frank W. Keichline
642 Tanner Avenue
Eddyville, Kentucky  42038

       Subject:    *In re Steven C. Reynolds and Tena L. Crandall*
                       Chapter 13, Bankr. No. 05-41720

Dear Mr. Pokela and Mr. Keichline:

       The matter before the Court is the Application for Compensation and Reimbursement of Expenses filed by A. Thomas Pokela, counsel for Debtors Steven C. Reynolds and Tena L. Crandall. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Federal Rules of Bankruptcy Procedure 7052 and 9014(c). As set forth below, the Application will be approved.[1]

       **Summary.** Steven C. Reynolds and Tena L. Crandall ("Debtors") employed A. Thomas Pokela to represent them in a chapter 13 bankruptcy case. Their bankruptcy petition was filed September 29, 2005. Confirmation of the first plan Debtors proposed was denied on June 7, 2006, following an evidentiary hearing. No objections to their modified plan were filed, and it was confirmed by order entered September 8, 2006. The Court issued a written decision on October 25, 2006 resolving some issues regarding one particular claim.

       Attorney Pokela filed an Application for Compensation and Reimbursement of Expenses on May 29, 2007 and provided notice of it to all creditors and other parties

---

[1] A hearing on the application was not held because no material facts were in dispute. Only questions of law were presented.

In re: Crandall
June 25, 2007
Page 2

in interest as required by 11 U.S.C. § 330(a) and Federal Rule of Bankruptcy Procedure 2016(a). Under the application, Attorney Pokela sought $2,047.50 for his legal services (11.7 hours of service at $175.00 per hour), sales tax of $121.21, and $194.00 for the filing fee, for a total request of $2,362.71. The confirmed plan provided for payment of $2,000.00 of his fees as an administrative expense of the bankruptcy estate.

Only one objection to Attorney Pokela's application was filed. Frank W. Keichline, on behalf of creditor Safe Way Auto Transport, LLC, stated it was unfair for Attorney Pokela to be paid ahead of other creditors whose claims would be paid *pro rata* over time at less than the full amount of the claim.

*Discussion*. Under the federal bankruptcy code, a chapter 13 debtor's attorney's fees are an administrative expense. 11 U.S.C. §§ 330(a), 503(b)(2), and 507(a)(1). Unless the attorney agrees to other treatment of his fee claim, a chapter 13 debtor's plan must provide for full payment of the fees during the plan term. 11 U.S.C. § 1322(a)(2).

The amount of fees the attorney may receive is governed by 11 U.S.C. § 330(a). The compensation sought must be a reasonable amount for actual, necessary legal services; the reimbursement of expenses sought must be only for actual, necessary services. *Id*.

The fee application is governed by Federal Rule of Bankruptcy Procedure 2016(a). The rule provides the applicant must file a detailed statement of the legal services rendered and the expenses incurred. The applicant must also set forth certain disclosures regarding the nature, amount, and source of compensation paid or promised.

Under Federal Rule of Bankruptcy Procedure 2002(a)(6) and (c)(2), the applicant must give notice of his fee application and advise the recipients they have an opportunity to object to the application. The notice must also state the amount of fees sought, and it must be served on all creditors and other parties in interest. *Id*.

Attorney Pokela has complied with the applicable provisions of the federal bankruptcy code and rules. The amount he has sought is reasonable and all for actual, necessary services or expenses. Accordingly, his application will be approved as filed. Of the total sum sought, $2,000.00 will be paid through the chapter 13 as the confirmed plan provides. The balance will be Debtors' personal obligation after they

In re: Crandall
June 25, 2007
Page 3

make the other plan payments and receive their chapter 13 discharge.

While Safe Way Auto Transport, LLC may believe it is unfair for Debtors' bankruptcy attorney's fee claim to be paid ahead of its claim, that is what the bankruptcy code provides. Neither the Court nor Debtors have an option to treat the fees otherwise. Accordingly, Safe Way Auto Transport, LLC's objection to Attorney Pokela's fee application is overruled.

An appropriate order will be entered.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

cc:   Trustee Dale A. Wein
      case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota